IN THE UNITED STATES COURT OF APPEALS
For the District of Columbia Circuit

| | |
|---|---|
| PATRICIA KIDD,     Appellant,     v.     DISTRICT OF COLUMBIA, *et al.*,     Appellees. | : : : : : : : : : : :    Nos. 94-7177 and 98-7075 |

**MOTION TO CONSOLIDATE APPEALS AND
OPPOSITION TO MOTIONS TO REOPEN**

Patricia Kidd has moved to reopen two appeals that were decided long ago. Her appeal in No. 94-7177 was dismissed by this Court 15 years ago as being from a nonfinal order. *Kidd v. District of Columbia*, 1995 WL 118021 (D.C. Cir. 1995). Her appeal in No. 98-7075 was dismissed by this Court 10 years ago as being untimely filed. *Kidd v. District of Columbia*, 206 F.3d 35 (D.C. Cir. 2000), *rehearing en banc denied*, 214 F.3d 179 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1071 (2001).[1]

---

[1] Although this Court dismissed Ms. Kidd's appeal in No. 98-7075 as being untimely filed, the Court explained that Ms. Kidd's failure to comply with her obligation under Local Rule 108(h) (requiring "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated") also "pos[ed] an obstacle" to this Court's reaching the merits. *Kidd*, 206 F.3d at 41 n.1.

1

Because both appeals are from orders in the same lawsuit, Civil Action No. 92-2897, and because Ms. Kidd's motions are virtually identical, in the interests of judicial economy, we move to consolidate these appeals for purposes of our opposition.

Appellees oppose Ms. Kidd's motions to reopen. A motion to reopen an appeal can be achieved only by this Court's recall of its mandate. Although the federal courts of appeal have inherent authority to recall their mandates, this may be done only in "exceptional circumstances." *Northern California Power Agency v. Nuclear Regulatory Comm'n*, 393 F.3d 223, 224-25 (D.C. Cir. 2004); 16 C. WRIGHT, A. MILLER, E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3938, at 712-16 (2d ed. 1996). In *Northern California Power Agency*, this Court explained:

> . . . Federal Rule of Civil Procedure 60(b)(6), effective in 1948, explicitly granted district courts the power to relieve parties from their final judgments on motions made "within a reasonable time," and we have long treated motions to recall mandates as the equivalent of Rule 60(b) motions.

393 F.3d 224-25. The Court recalled the mandate in that case, which had been issued nearly one year previously, in order to correct a clerical error. *Id*. at 225.

However, as explained in Wright & Miller:

> The values of repose are seriously challenged when a mandate is recalled to make more significant changes in

2

> what had seemed to be a final judgment. The very core of *res judicata*, indeed, is captured in the rules that prevent reopening a judgment once appeal opportunities have been exhausted or abandoned, not the elaborate theories that apply in subsequent litigation. These values are preserved in the strict limits imposed by Civil Rule 60 on district court relief from a final judgment, and in the even more severe limits imposed on relief by way of independent action. . . . Although the Appellate Rules do not include provisions that parallel Rule 60, the courts of appeals have generally adhered to equally strict standards to protect the need for finality and repose.

16 C. WRIGHT, A. MILLER, E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3938 at 724-25.

Ms. Kidd's motions do not seek to correct technical errors, but are a wholesale attack on the decisions of this Court. They should be denied.

These motions have not been made "within a reasonable time." *Northern California Power Agency*, 393 F.3d at 225. Indeed, the appeals she seeks to reopen were decided 15 and 10 years ago, respectively. Nor has she pointed to any "exceptional circumstances" that would warrant reopening these appeals. *Id*.

Ms. Kidd sets forth three principal grounds for her motions. First, she asserts that she has been "abandoned by counsel[]." Motion (94-7177) at 1; Motion (98-7075) at 1. However, as this Court noted, the district court (Hogan, J.) made several attempts to appoint attorneys for Ms. Kidd, but without success. *See Kidd*, 206 F.3d

3

at 37.  Moreover, although she was *pro se* in her appeal in No. 98-7075, this Court appointed Michael J. Haungs, Esq., and Daniel G. Jarcho, Esq., of McKenna & Cuneo, LLP, as *amici curiae* to represent her position.

Second, she asserts:

> As newly found evidence, petitioner now finds that the Home [R]ule Charter has been amended sometime during her pending litigation to place the defendants in the Office of Corporation Counsel as the Mayor's legal advisor and supervisor.  A separate General Counsel to the Mayor no longer exists, the three branches (administrate, litigate, and legislate) are no longer separate.  It erodes the ability for constitutional safeguards and remedies in DC, and possible relief for petitioner from the other two branches.

Motion (94-7177) at 4; Motion (98-7075) at 4.  However, none of these assertions is true.  There has been no change in the structure of the District Government since Home Rule.

Third, she asserts that Judge Hogan should have withdrawn from the case under 28 U.S.C. § 455(b)(3).  Motion (94-7177) at 5; Motion (98-7075) at 5.  That provision requires a district judge to disqualify himself or herself:

> (3) Where he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

4

However, there is no evidence that Judge Hogan had any involvement in the underlying controversy, which involved Ms. Kidd's employment with the District Government. *See Kidd*, 206 F.3d at 37.[2]

In sum, nothing in Ms. Kidd's extraordinarily tardy motions show the "exceptional circumstances" required to reopen her appeals in these cases. Reopening these appeals at this extremely late date would undermine the important values of finality and repose.

## CONCLUSION

The appeals should be consolidated, and the motions to reopen should be denied.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

TODD S. KIM
Solicitor General

DONNA M. MURASKY
Deputy Solicitor General

---

[2] None of the subsidiary grounds in her motions provides a basis to reopen these appeals.

/s/
_____
JAMES C. McKAY, Jr.
Senior Assistant Attorney General

Office of the Attorney General for the
    District of Columbia
Office of the Solicitor General
441 Fourth Street, N.W., 6th floor
Washington, D.C. 20001
(202) 724-5690

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion and opposition was electronically filed in both Nos. 94-7177 and 98-7075, and was served by mail, first-class postage prepaid, this 14th day of April, 2010, to:

    Patricia Kidd, *pro se*
    P.O. Box 56039
    Washington, DC 20040

/s/
_____
JAMES C. McKAY, Jr.
Senior Assistant Attorney General